Howard Clarence **HOLLAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45017.

Court of Criminal Appeals of Texas.

June 14, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. Trial was before the jury and the court assessed punishment at twelve years.[1]

The sufficiency of the evidence is not challenged. However, a brief statement of the facts adduced is necessary.

Lula Mae Ray testified that she lived in Dallas, Texas and on the 7th day of No-

---

1. *See also*, Evans v. State, 477 S.W.2d 555 (Tex.Cr.App.1972).

vember, 1969, her house was broken into and a colored television set was taken from the house and she did not give anyone permission to break into the house and take the television.

■ Claudia Mae Carter testified that about noon on the 7th day of November, 1969, she observed two boys take a television set from the residence of Lula Mae Ray, and identified the appellant herein. Appellant complains of the questions asked Carter in that they were immaterial, irrelevant, and inflammatory and that they were introduced specifically for the purpose of "inflaming the minds of the jury and for no other purpose."

The questions asked were:

"Q  Were you at your place last night?

"A  No.

"Q  Did someone come by and break out the windows last night?

"A  Some boys come by and broke the windows."

The objection was promptly sustained and the jury was instructed to disregard the question and the answer but appellant's mistrial motion was denied.

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." White v. State, 444 S.W.2d 921 (Tex.Cr.App.1969).

Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains that during the argument on guilt or innocence the assistant district attorney stated: "Claudia Mae Carter had no reason in the world to come down here and tell you that she saw those two men take that television.  If we could go into what happened last night it would be more to her interest not to come down here."  The objection to the above quoted language was sustained by the court, the jury was instructed to disregard, but the motion for mistrial was overruled.  Appellant again contends that this so inflamed the jury on guilt or innocence that they could not render a true verdict.

"An instruction by the court to the jury to disregard improper remarks of counsel is ordinarily held to overcome any harm or prejudice caused by the argument, unless the remarks are so inflammatory that their prejudicial effect could not reasonably be removed by such an admonition."  56 Tex.Jur.2d, Trial, § 326, p. 687.

We hold that this argument was not so inflammatory as to require reversal in this cause.

■ In his argument under said point appellant also complains that since the maximum punishment was assessed by the court that this action inflamed the court in assessing the maximum punishment.  We note that the court had before him appellant's previous conviction for robbery by firearms.  Further, the trial judge is presumed to have disregarded any inadmissible evidence.

■ Appellant's third ground of error complains that Claudia Mae Carter testified that she had been an out-patient at Parkland Hospital because of a mental problem and sometimes had trouble remembering things.

It is his contention that the court should have interrogated Claudia Mae Carter to determine whether or not she was a competent witness and should be allowed to testify.  She testified she remembered the burglary and she remembered the appellant.  There was no objection to her testi-

mony until at such time appellant moved to strike her testimony on the lack of testimonial mental capacity. This motion was made after Carter had testified at length and the court denied. The matter of permitting a mentally defective person to testify rests largely in the court's discretion and its ruling will not be reversed unless an abuse of discretion is shown. 61 Tex. Jur.2d, Witnesses, § 79, p. 614. *See also,* Miller v. State, 442 S.W.2d 340 (Tex.Cr. App.1969); Carpenter v. State, 473 S.W.2d 210 (Tex.Cr.App.1971).

Reviewing the record as a whole, we perceive no abuse of discretion by the trial court.

There being no reversible error, the judgment is affirmed.