Olden Ben BOWMAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47514.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

W. John Allison, Jr., Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of assault with intent to murder with malice, and was assessed punishment at 25 years' confinement.

The State's evidence showed that on November 4, 1972, appellant and a female companion went into the drug store owned by the victim, James G. Wadley. While the companion diverted the attention of a clerk, appellant took some money from the cash register. Mr. Wadley saw appellant take the money and after calling for him to stop, grabbed him and attempted to restrain him from leaving the store. While appellant was trying to escape from Wadley's grasp, he stabbed Wadley several times, inflicting wounds which required surgery and the removal of his spleen. Appellant offered no evidence.

In his first ground of error, appellant asserts that the trial court erred in refusing to give his requested charge on aggravated assault. The trial court charged the jury on assault with intent to murder with malice, assault with intent to murder without malice, and aggravated assault. It charged the jury that they must find a specific intent to kill in order to find appellant guilty of assault with intent to murder, and that if they failed to find such specific intent, or if they had a reasonable doubt thereof, they must acquit appellant of that offense and then should consider whether he was guilty of aggravated assault. The terms "assault and battery", "assault", and "coupled with an ability to commit a battery" were all defined. In addition, the jury was instructed that an assault becomes aggravated when serious bodily injury is inflicted.

The charge of the court properly stated the law and applied the law to the facts in issue. It was not substantially different from that requested by the appellant, except that only his requested charge defined the term "serious bodily injury." Since there was no question or issue raised in this case as to the serious nature of the victim's injuries, it was not necessary to define that term in the charge. It is only when the character of the injury is made an issue that the trial court should define "serious bodily injury." Hays v. State, Tex.Cr.App., 480 S.W.2d 635. Ground of error No. 1 is overruled.

In ground No. 2 the appellant contends that the trial court should have submitted his specially requested charge on self-defense. We overrule this contention. There was no evidence raising the issue of self-defense. Appellant asserts that his voluntary written statement which was introduced in evidence raised the issue of self-defense because it contained his statement that " . . . I was trying to cut him so he would let me go . . . " but that statement did not raise the issue of self-defense. It merely showed, as did the other evidence, that appellant was trying to escape from the grasp of Wadley and not that he was resisting an attack upon him. Ground No. 2 is therefore overruled.

Appellant next urges that the evidence is insufficient to sustain the convic-

tion and that the trial court should have sustained his motion for an instructed verdict. The basis of this argument is that appellant's statement in his voluntary confession that " . . . I was trying to cut him so he would let me go . . . " was an exculpatory statement, and that as the State introduced that statement it had the burden to disprove it in order to sustain a conviction. Appellant correctly states the rule in this regard but it is not applicable here, because the statement referred to is not exculpatory. An offense had been committed in the presence of Wadley, and his attempted restraint of appellant could not be considered an illegal restraint or an assault which would justify appellant's knife attack. Appellant also contends that, as he was only attempting to escape from Wadley, there was no intent on his part to kill. To the contrary, the jury could infer from the fact and the method of the attack that the appellant intended to do whatever might be necessary to escape from Wadley, including murder.

The next contention is that the trial court should have granted a mistrial because the prosecuting attorney made improper comments in his jury summation. At one point in the summation, State's counsel, in speaking on the question of intent to kill, told the jury that they could look at the knife in evidence and get an idea how it would feel if it " . . . went right up to the hilt in your stomach . . . . " At another point in the argument, State's counsel remarked " . . . If you can inflict injuries like that with an instrument like this, and then try to cut a man's throat with it . . . and . . . get off with . . . a minimum of . . . a couple of years in jail . . . . " These statements were made in the summation at the guilt-innocence stage of the trial. On both occasions appellant's objections to the comments were sustained by the trial court and the jury was instructed not to consider the comments, but appellant's motions for mistrial were denied.

■ While such comments of the prosecutor, having been made at the guilt-innocence stage of the trial, were objectionable, we conclude from a review of the entire record that the court's actions in sustaining the objections and in instructing the jury to disregard the remarks were sufficient to cure the error and that manifest harm or prejudice such as would require a mistrial or a reversal is not shown. Holland v. State, 481 S.W.2d 410 (Tex.Cr.App.1972); Cazares v. State, 488 S.W.2d 110 (Tex.Cr. App.1972).

Finally, complaint is made of the action of the court in allowing Officer Bailey to testify to the substance of a radio broadcast he received which described the truck used by appellant and his companion to leave the scene of the offense as a "white over green late model Chevrolet pickup." Objection on the ground that such testimony was hearsay was overruled.

■ Ordinarily, it is error to admit the content of such a conversation or report. If it was error in this case, however, it was harmless beyond a reasonable doubt, in view of the fact that there was no question as to appellant's identity or his commission of the assault. He readily admitted both in a voluntary written statement entered into evidence without objection. The only issue in the case was whether the assault was with the intent to kill or merely was an aggravated assault. That being the case, the admission of a mere description of the truck in which the appellant left the scene could not have been harmful in any event.

The judgment of the trial court is affirmed.

Opinion approved by the Court.