**William Earl MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–008–CR.**

Court of Appeals of Texas,
Waco.

March 4, 1982.

158

Fred L. Tinsley, Jr., Chapman, Tinsley & Reese, Dallas, for appellant.

Patrick H. Simmons, County Atty., Groesbeck, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of Aggravated Robbery, enhanced by one prior felony conviction, and sentenced to not less than 5 nor more than 27 years confinement in the Texas Department of Corrections.

Appellant appeals on 6 grounds of error.

Ground 1 asserts the evidence insufficient to show appellant's guilt of aggravated robbery by using and exhibiting a knife when the knife was not shown to be a deadly weapon.

A knife can qualify as a deadly weapon by showing the manner of its use, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State*, Tex.Cr.App., 574 S.W.2d 129.

The evidence is that appellant a 26 year old man approached complainant a 64 year old man, who was seated in his parked car at about 2 a. m.; demanded complainant's wallet which contained about $140.; held an open knife to complainant's face and neck, and made menacing action with the knife indicating he would cut complainant. Complainant, police officers Groth and Bell, and Dr. Mathis testified that the knife (identified and in evidence), if directed toward a person's throat or head could cause serious bodily injury and was a deadly weapon.

The knife was shown to be a deadly weapon.

Ground of error 2 asserts the charge fundamentally defective because in detailing the constituent elements of theft, the trial court failed to include the words "appropriate" or "attempt to appropriate." If the terms "theft" and "in the course of committing theft" are properly defined in the charge, the charge suffices if it requires the jury to find the offense occurred while in the course of committing theft. The charge need not set out the elements of theft. *Evans v. State*, Tex.Cr.App., 606 S.W.2d 880, 882. That "part of the charge does not include certain details of the underlying offense of theft alleged in the indictment and proved by the State is not enough to render it fatally defective." *Sattiewhite v. State*, Tex.Cr.App., 600 S.W.2d 277, 285. Allegations not essential to constitute the offense and which may be omitted without affecting the charge against a defendant and without detriment to the indictment may be regarded as surplusage. *Smallwood v. State*, Tex.Cr.App., 607 S.W.2d 911, 912.

Ground of error 3 asserts the indictment fundamentally defective in that it fails to allege an essential element of the offense. The indictment alleged the offense was committed "with intent to *obtain* property of Floyd McDade" and appellant contends it was necessary to allege "with intent to *obtain and maintain* property of Floyd McDade." (Italics ours.)

The statute provides one commits an offense if he acts with intent to obtain *or* maintain property. Penal Code § 29.02(a). Thus, the statute, by using the disjunctive form rather than the conjunctive, does not require that both obtain *and* maintain be charged in the indictment. See also *Ulloa v. State*, Tex.Cr.App., 570 S.W.2d 954, 958, where the indictment merely used "with intent to obtain property."

The trial court defined deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury," but he did not define serious bodily injury. No objection was made to the charge, but the appellant asserts in his 4th ground that the failure to define serious bodily injury was fundamentally erroneous. The rule is that when the character of the injury is made an issue, the trial court should define serious bodily injury. *Bowman v. State*, Tex.Cr. App., 504 S.W.2d 880, 881. There was no question as to the nature of any injuries in this case.

Ground of error 5 asserts error by the state in its closing argument. Appellant contends the prosecutor bolstered the testimony of the complaining witness by stating the complainant had neither been arrested for nor convicted of a crime.

Jury arguments should be within the areas of: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement. *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230, 231. Appellant did not request a ruling by the court and no ruling was made by the court. The appellant did not move the court to instruct the jury not to consider the argument and no further relief was requested. No error is shown under these circumstances. *Powell v. State*, Tex.Cr.App., 475 S.W.2d 934, 935.

Ground of error 6 asserts the state erred when it referred to a defense witness as one who had "spent a lot of time in jail." This was a reasonable deduction from the evidence since there was testimony that the witness had been in jail at least two weeks. Furthermore, the court's instruction to disregard cured any possible error. *Miller v. State*, Tex.Cr.App., 566 S.W.2d 614, 619.

All grounds of error are overruled.

AFFIRMED.