**Milo TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–82–037–CR.**

Court of Criminal Appeals of Texas, En Banc.

April 20, 1983.

John J. Pichinson, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Aubrey R. Williams, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

ORDER ON CERTIFIED QUESTION

PER CURIAM.

In this cause the Court of Appeals for the Thirteenth Supreme Judicial District has certified a certain question of law to this Court.

The Court of Appeals seeks to certify the question under Rules 461 et seq., Texas Rules of Civil Procedure, and Rule 211 of the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases. Rule 211 provides:

"Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist,

the Rules of Civil Procedure shall govern precedings in the courts of appeals in criminal cases."

Rules 461 et seq., supra, concern certifying questions to the Supreme Court. Overlooked by the Court of Appeals are Article 1729, V.A.C.S., which creates the jurisdictional basis for certifying questions to the Supreme Court, and Article 1730, V.A.C.S., which grants that court rule-making power with respect to the procedure for certifying questions. The rules are not the jurisdictional foundation for hearing certified questions; the statute is. No similar statute creates such jurisdiction for this Court, and this Court cannot by rule create such jurisdiction out of nothing. Rule 211, supra, should not be read to create jurisdiction to hear certified questions when no such jurisdiction is created by statutory or constitutional authority.

■ Finding no constitutional or statutory authority for this Court to consider such question and being thus without jurisdiction, we refuse to accept the certified question.