**Milo TREVINO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–037–CR.**

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

John J. Pichinson, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ., sitting en banc.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for the offense of robbery. Appellant was indicted for aggravated robbery, with two prior felony convictions alleged for enhancement. Pursuant to a plea agreement, appellant waived a jury, agreed to stipulate testimony and entered a plea of guilty. The State also waived one enhancement count. The trial court accepted this bargain, but found the evidence sufficient only as to the lesser included offense of robbery and the remaining enhancement count; the court therefore entered a finding of guilt as to the offense of robbery, enhanced by one prior felony conviction. Judgment was rendered with punishment assessed at 25 years' imprisonment. Sentence was pronounced on December 15, 1978, in accordance with the judgment, at confinement in the Texas Department of Corrections for a term of not less than five (5) nor more than twenty-five (25) years. Appellant properly perfected appeal to the Court of Criminal Appeals.

In a per curiam opinion, dated December 12, 1979, the Court of Criminal Appeals affirmed appellant's conviction. Appellant's counsel on appeal filed a motion for rehearing, which was also denied in a per curiam opinion, dated February 6, 1980. However, this same per curiam opinion took note of, and resolved, appellant's simultaneous collateral attack upon the underlying conviction used for enhancement. Concluding the indictment in that case to be defective, and the conviction therefore void, the Court of Criminal Appeals further concluded that the use of this void conviction for enhancement purposes was error. However, since the error only related to punishment, and since the punishment had been assessed by the trial court, the Court of Criminal Appeals affirmed the judgment of conviction, set aside the punishment, and remanded the cause to the trial court to assess punishment for a felony of the second degree as provided for at V.T.C.A., Penal Code, § 29.02(b) (1974).

Pursuant to this remand, the trial court conducted a hearing regarding punishment.

Appellant's counsel and counsel for the State presented an agreement to the court whereby the State recommended assessment of punishment at ten years confinement in the Texas Department of Corrections. The court refused to accept this agreement, and appellant requested permission to withdraw his plea of guilty. This motion was overruled. The trial court then assessed punishment at confinement in the Texas Department of Corrections for a term of not less than two (2) nor more than sixteen (16) years. Appellant gave timely notice of appeal.

Appellant, through counsel, brings forth one ground of error. In it, he contends that the trial court erred in failing to permit appellant to withdraw his plea of guilty upon being informed by the trial court that it would not accept the prosecution's recommendation for sentencing previously agreed to by the parties.

On April 7, 1983, this Court certified the following question to the Court of Criminal Appeals:

"In a plea bargain case which has been remanded to the trial court by the Court of Criminal Appeals for the reassessment of punishment only, does the defendant have a statutory or constitutional right to withdraw his plea of guilty if the trial court does not follow a new punishment recommendation agreed to between the State and the defendant?"

By Per Curiam opinion delivered on April 20, 1983, 655 S.W.2d 209, the Court of Criminal Appeals refused to answer the certified question on the ground that it did not have any constitutional or statutory authority to consider such question, and, therefor was without jurisdiction in the matter.

■ Since punishment was originally assessed by the trial court, the Court of Criminal Appeals remanded for purposes of *assessment of punishment only*. *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), and *Tyra v. State*, 534 S.W.2d 695 (Tex.Cr. App.1976). This result is not inconsistent with *Cooper v. State*, 631 S.W.2d 508 (Tex. Cr.App.1982) since the State made no at-

tempt to prove up the enhancement allegation at the second punishment hearing. Accordingly, we hold that appellant had no right to withdraw his plea of guilty following the trial court's refusal to follow the prosecution's recommendation for sentencing on remand.

Appellant, in a supplemental pro se brief, contends that the trial court erred by considering the evidence concerning the enhancement conviction, voided by the Court of Criminal Appeals, when it assessed punishment after remand. The trial court is presumed to have disregarded any inadmissible evidence when reaching its decision on sentencing. *Moton v. State,* 540 S.W.2d 715 (Tex.Cr.App.1976); *Davison v. State,* 510 S.W.2d 316 (Tex.Cr.App.1974); and *Holland v. State,* 481 S.W.2d 410 (Tex.Cr.App.1972). The sentence of sixteen (16) years is within the permissible range of punishment for a second degree felony. V.T.C.A. Penal Code, § 12.33 (1974).

Under the record the conviction of appellant is final and this Court does not have the power to reverse the conviction which has been affirmed by the Court of Criminal Appeals. We are unable to find any authority whereby we can reverse and remand the case to the trial court with instructions of any kind or character. In that state of affairs, we have no choice but to affirm the judgment of the trial court, even though by doing so we may have denied the appellant due process of law.

We have considered both of appellant's grounds of error and overrule the same. The judgment of the trial court is AFFIRMED.

GONZALEZ, Justice, dissenting.

I respectfully dissent. The trial court committed reversible error in not allowing appellant to withdraw his plea and I would therefore reverse and remand the case. 1977 Tex.Gen.Laws, Ch. 280 at 748.

Where an accused pleads guilty *without a plea bargain,* and then allows the trier of the facts (judge or jury) to determine punishment, the guilt is established before the

assessment of punishment and any error in the punishment phase does not affect (reverse) the guilty plea (assuming it was properly taken). If there was an error in the punishment phase, the case is remanded for reassessment of punishment only.

In a *plea bargain case,* the guilt and the punishment phase are so interdependent that they comprise one unit and if there is an error in either phase, it affects the whole and *all* of the case should be reversed and the process started anew.

With all due respect to the Court of Criminal Appeals, in affirming the case and remanding the case to the trial court for reassessment of punishment only, they overlooked the fact that this was a plea bargain case. I am well aware that the Court of Criminal Appeals is the highest court of this State with regards to criminal matters and I do not seek nor attempt to "reverse" the Court of Criminal Appeals. My intention is to once again call this matter to the attention of the Court of Criminal Appeals so that they may give the bench and the bar of this State proper guidance and put an end to the confusion they created in this case.

UTTER, Justice, concurring.

I concur with the majority opinion in its reasoning as to why an affirmance is mandatory under the prior opinion of the Court of Criminal Appeals in this case. However, I cannot rationalize the Court of Criminal Appeals reasoning in remanding this case for assessment of punishment only.

My first problem is to decide how to describe the process by which this accused has now been convicted and had punishment assessed. The process cannot be labeled a plea bargain because the appellant's guilt was adjudicated before the length of punishment was determined. It is axiomatic that in a plea bargain the accused is aware of and acquiesces in the assessment of a certain and negotiated punishment prior to the entry of his plea. The decision to plead guilty is based on the knowledge that a certain punishment will be assessed. Without the determination of punishment

before the entry of a plea of guilty there is, in effect, no plea bargain.

The plea bargain situation is quite unlike the case where the accused pleads guilty and then allows the judge or jury to determine the punishment. In these situations, guilt is determined before the assessment of punishment and the length of time assessed as punishment has no connection with and provides no inducement for the plea. The process used to gain the appellant's plea in this case is unlike that, for here the appellant's plea resulted from negotiations in which the State, for whatever reason, agreed to proceed on one enhancement count and recommend a twenty five year punishment. Therefore, we cannot consider the process used to obtain the appellant's original plea of guilty in the same category with those pleas which are entered without resort to plea negotiations and agreements.

We have a strange hybrid type of supposed plea bargain agreement where now the appellant's guilt is determined (apparently conclusively) before punishment is determined. With no precedent on which to rely in labeling this process, we will refer to it as a hybrid plea bargain.

I believe the appellant should have been allowed to withdraw his plea of guilty when the trial court refused to accept the State's recommendation on punishment. Where the accused and the State negotiate for a plea of guilty, the accused is statutorily entitled to certain admonishments and assurances prior to the entry of his plea. 1977 Tex.Gen.Laws, Ch. 280 at 748. These include the right to know whether the court will follow the plea bargain and the right to withdraw the plea if it is not followed. As noted in the majority opinion, the State and appellant agreed on ten years confinement. In upholding the trial court's action in assessing sixteen years, we are permitting the trial court to ignore the punishment agreement—something it could not have done in the original plea bargain proceeding. This gives the trial court unbridled discretion to assess punishment, on remand, as it sees fit where the plea of guilty was entered pursu-

ant to a plea bargain. This is patently unfair to the accused.

In this case, under the original indictment, before the plea bargain agreement, appellant was facing a punishment of 99 years to life in prison. At that time, the plea of guilty to the reduced charge plus the one enhancement count was freely and voluntarily given and the appellant was bound by his plea. Once the prior conviction was held void, however, the facts of this case changed materially. The appellant (on remand) was facing a maximum of 20 years in prison instead of the 99 years or life. By upholding the trial court's action, we are, in essence, denying the accused the right to further bargain with the State. Is the appellant now to be severely limited in the bargaining process because he was able to eliminate the enhancement portion of the indictment? If the circumstances have changed from the time of the original plea bargain can it be said that his plea of guilty is free and voluntary?

It cannot be said this hybrid plea bargain, if error, is harmless because the accused now has a shorter sentence than originally agreed to between the State and the accused. In situations such as these, the initial punishment (using a void conviction for enhancement) will certainly be greater than if no enhancement count were alleged. Are we to say that no harm befalls an accused who succumbs to the pressures exerted by an enhancement count and then pleads guilty only later to learn that there was no valid prior conviction? The accused who negotiates a punishment with the State based on a supposedly valid enhancement count bargains from a much weaker position than an accused in the same situation without a prior conviction.

The fundamental problem with this hybrid plea bargain is that the accused's guilt is conclusively determined before punishment is assessed. The majority opinion cites *Bullard v. State*, 533 S.W.2d 812 (Tex. Cr.App.1976) and *Tyra v. State*, 534 S.W.2d 695 (Tex.Cr.App.1976) which hold that when punishment is originally assessed by the trial court, the case can be properly re-

manded for assessment of punishment only. It does not appear to me that either case is applicable to this cause in which the appellant was originally induced to enter a plea of guilty based upon a plea bargain agreement. We have found no Texas cases on point—except, of course, the Court of Criminal Appeals' opinion in this case.

I find this type of hybrid plea bargain process to be unfair to the accused. I find this particular situation even more distressing since the trial court exceeded the punishment recommended by the State on remand. In remanding for assessment of punishment only, I believe the Court of Criminal Appeals may have overlooked the fact that this case was one in which the original plea and punishment resulted by reason of a valid plea bargain agreement.