Theophilus Deboer
**TARLTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–86–01040–CR, 05–86–01041–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 31, 1987.

Melvyn Carson Bruder, Dallas, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before HOWELL, THOMAS and McCRAW, JJ.

HOWELL, Justice.

Where the defendant appeals from a sentence based on a plea of guilty and the Court of Criminal Appeals remands "to the trial court for resentencing," may the defendant thereafter seek to withdraw his plea on a showing that it was not intelligently entered into and voluntarily made? We hold that mandates of the Court of Criminal Appeals must be literally read and applied; only that court may interpret or amend its mandates in light of subsequent developments. The question just propounded must be answered "No"; the trial

court was without power to permit withdrawal of the pleas; this case must be affirmed.

A chronology is necessary to an understanding of the procedural problem before us. In 1981, the Legislature amended the Controlled Substances Act and drastically increased the penalties for the delivery of marijuana in quantities that would bespeak the purpose of resale. *See* Act of May 29, 1981, ch. 268, § 8, 1981 Tex.Gen.Laws 696, 703, *amended by* Act of June 17, 1983, ch. 415, § 14, 1983 Tex.Gen.Laws 2361, 2389. On September 14, 1983, the Court of Criminal Appeals held the 1981 amendment unconstitutional and further declared that the law stood as if such amendment had never been attempted. *Ex parte Crisp*, 661 S.W. 2d 944 (Tex.Crim.App.1983).

Shortly before *Crisp* was decided, two indictments were returned which alleged that appellant, Theophilus Deboer Tarlton, during June 1983, had committed the respective offenses of delivery, and aggravated delivery, of marijuana.

On September 21, 1983, appellant entered open pleas of guilty under both indictments and was assessed a punishment in each case of 10 years' confinement. Under the terms of the 1981 amendment, the sentence was near the lower end of the penalty range; absent the amendment, the sentence was near maximum. Neither the court nor appellant, nor anyone else present, was aware that the increased penalty provisions of the 1981 amendment had been declared unconstitutional. Before receiving appellant's pleas, the trial court admonished him according to the penalty range declared in the 1981 amendment. It appears that the appellant was further informed by the court in terms of the 1981 penalty range at a preliminary hearing and that his attorney advised him on the basis of the 1981 penalty range.

Appellant prosecuted an appeal without first advising the trial court through motion for new trial, or otherwise, either that the trial court had employed an unlawful penalty range or that appellant desired to withdraw his pleas of guilty.

Before this court on his original appeal, appellant did not state, as a formal ground of error, that the trial court erred in refusing to allow the withdrawal of appellant's pleas. Indeed, he could not have claimed any trial court error on these grounds because no such relief had been requested of the court below. The single ground of error was restricted to the contention that "the appellant's convictions and sentences are void because they were had pursuant to an unconstitutional statute." However, in a timely supplemental brief appellant urged:

[I]t is therefore appropriate to reverse ... [appellant's] convictions and remand the case to permit him to plead anew, or, in the alternative to remand the cases and afford the appellant the opportunity to move to withdraw his pleas if he desires to do so.

In an unpublished opinion, our court noted appellant's contention and stated: "[A]ppellant urges this court to reverse his convictions and the sentences assessed and to permit him to either plead anew or withdraw his plea on remand." We affirmed generally without reaching or discussing the contention that appellant should be allowed to withdraw his guilty pleas.

Appellant proceeded to present a petition for discretionary review to the Court of Criminal Appeals. His first ground was similar to the one presented to us. By his second ground, appellant urged that: "the Court of Appeals erred in holding that upon a remand for resentencing, the appellant could not enter pleas of not guilty." However, as stated, there had been no express ruling on the proposition in our court.

The Court of Criminal Appeals granted the petition and issued an unpublished opinion stating:

"In its brief before this Court and in oral arguments ... the State contends that appellant's ground of error no. 2, wherein he alleges that he is entitled to withdraw his plea, is without merit. Since this Court did not grant review on ground of error no. 2 we will not address that issue.

\*     \*     \*     \*     \*     \*

The court of appeals erred in failing to remand this cause for resentencing. We will do so. The judgment of the court of appeals is reversed and the cause remanded to the trial court for resentencing.

The court thereafter issued mandates remanding both cases to the trial court decreeing that "this decision be certified below for observance." At the hearing to re-assess punishment, appellant made a showing that the court had incorrectly admonished him concerning the penalty range and presented his testimony that his guilty plea was involuntary because of his attorney's advice that a jury would impose a harsh sentence if he were found guilty after a trial. However, the trial court held that under the opinion and mandate of the Court of Criminal Appeals, it had no authority, and was without power, to consider the claim. The ten-year sentences were replaced with five-year sentences.

▇ Appellant is now before us a second time here urging that the trial court erred by refusing to permit him to plead anew or withdraw his prior pleas. In considering this appeal, we hold the abuse of discretion test inapplicable because the trial court clearly held itself without power to exercise discretion. If the court were possessed of discretion, its refusal to exercise that discretion would have been error.

The case in bar is directly comparable with *Trevino v. State*, 655 S.W.2d 210, 211–12 (Tex.App.—Corpus Christi 1983, no pet.) (trial before court on plea of guilty of enhanced offense resulting in maximum sentence of twenty-five years; Court of Criminal Appeals affirmed but found enhancement improper, remanded for resentencing; ten-year plea bargain then presented to court; trial court refused plea bargain, also refused subsequent request to withdraw guilty plea, assessed a maximum of sixteen years; Court of Appeals reluctantly affirmed). With similar reluctance, we hold that, under the terms of the mandate of the Court of Criminal Appeals, we have no choice but to affirm.

This mandate must be read, as providing that "the cause is remanded *only* for the purpose of re-sentencing." The Court of Criminal Appeals has been uniformly unwilling to allow lower courts to embellish upon or vary from its mandates. They must be explicitly followed; they may not be expanded upon by construction. *Berry v. Hughes*, 710 S.W.2d 600, 602 (Tex.Crim. App.1986); *State ex. rel. Curry v. Davis*, 689 S.W.2d 214, 215 (Tex.Crim.App.1984); *State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex.Crim.App.1974).

Appellant argues in effect, that if it be accepted, as held by the Court of Criminal Appeals, that the unconstitutional 1981 statute infected the sentencing, it must also be held to have infected appellant's decision to enter a plea of guilty. Urging that applications to withdraw pleas of guilty are to be liberally construed, appellant argues that he should be allowed to withdraw his pleas. The argument is not without substance. However, we are foreclosed from reaching it on this record.

Under the ordinary practice followed by the Court of Criminal Appeals, any points of error not passed upon by the court will be remanded to this court for consideration. However, the Court of Criminal Appeals did not choose to follow that route in the present case. We can only speculate upon the court's reason for following the course it took.

Similarly, it is reasonable to assume, as a general proposition, that a court which is empowered to sentence should, perforce, possess the power to consider a request to amend or withdraw a plea. With respect to this case, it is possible to surmise that the Court of Criminal Appeals assumed that the trial court would have such power on remand. However, it is equally possible to surmise that the court, in refusing to consider appellant's point two as it appeared before it, intended to deny the claim that appellant should be allowed to change his plea. In this connection, we note that appellant failed to seek the withdrawal of his pleas in the trial court before he commenced his first appeal. Since the Court of Criminal Appeals chose not to enlighten us on the matter, we are again left only to speculate.

Of one thing we can be sure. The Court of Criminal Appeals has not empowered the lower courts to interpret its mandates or to expand thereon in any way. Only the Court of Criminal Appeals may decide if the trial court is to be empowered to consider this appellant's request to withdraw his pleas of guilty. We follow the only recourse allowed to us and affirm.