**Bobby Joe HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00992–CR.**

Court of Appeals of Texas, Dallas.

June 7, 1989.

Discretionary Review Granted Sept. 20, 1989.

Raymond G. Wheless, Plano, for appellant.

Roger V. Dickey, Susan Baetz–Francis, McKinney, for appellee.

Before HOWELL, ROWE and KINKEADE, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

ROWE, Justice.

Following a plea of guilty, Bobby Joe Harrison was convicted of hindering apprehension. The trial court sentenced Harrison to ten days' confinement and assessed him a $500.00 fine. Upon original submission, this Court affirmed Harrison's conviction concluding that the trial court did not err in denying his plea of double jeopardy. *Harrison v. State*, 721 S.W.2d 904 (Tex. App.—Dallas 1986). In doing so, this Court determined that the record revealed a manifest necessity for a mistrial in an earlier proceeding. *Id.* at 908. The Court of Criminal Appeals vacated our judgment and remanded the cause for this Court to determine whether Harrison consented to the declaration of a mistrial. *Harrison v. State*, 767 S.W.2d 803, 806 (Tex.Crim.App., 1989). For the reasons discussed below, we conclude that Harrison did not consent to the mistrial.

The opinion of the Court of Criminal Appeals fully sets forth the circumstances leading to the declaration of the mistrial and so we shall not repeat them here. *Harrison*, at 804–805. To summarize, the State moved to disqualify Harrison's attorney when it became evident that the attorney had become a potential fact witness. After a lengthy discussion, the trial court concluded that it had a duty to disqualify Harrison's attorney and that such disqualification would be a hardship on Harrison. The trial court then announced that it intended to declare a mistrial. After this announcement, a discussion was held off the record followed by the prosecutor's statement that he would not necessarily call Harrison's attorney as a witness, but

that he felt it was within his rights to do so. Without any further discussion, the trial court returned the jury to the courtroom and declared a mistrial.

■ If Harrison consented to the mistrial, double jeopardy did not bar his retrial. *See Harrison*, at 806. Harrison's consent need not be expressed, but may be implied from the totality of the circumstances attendant to the declaration of the mistrial. *Id.; Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. [Panel Op.] 1981). Given the brevity of the record of the circumstances attendant to the declaration of the mistrial, the only circumstance suggesting consent is Harrison's failure to object to the trial court's action. Before such failure constitutes an implied consent to the mistrial, however, Harrison must have been given an adequate opportunity to object. *See Torres*, 614 S.W.2d at 441–42.

■ From our review of the record, we cannot conclude that Harrison was given an adequate opportunity to object. Almost immediately after announcing its intention, the trial court declared a mistrial. Unlike in *Torres*, the trial court did not question Harrison or his attorney to determine whether Harrison consented to the mistrial. *Cf.* 614 S.W.2d at 442. Nor did the trial court solicit any comments from either party concerning his intention to declare a mistrial. Although the prosecutor was given an opportunity to clarify an issue concerning the disqualification, nothing in the record suggests that Harrison ever had an opportunity to interpose an objection to the trial court's action. Accordingly, we conclude that from the totality of the circumstances attendant to the declaration of the mistrial, Harrison did not consent to the mistrial.

■ Because the trial court declared the mistrial without Harrison's consent, Harrison could not be retried unless a "manifest necessity" existed for the mistrial. *Harrison*, at 805. slip op. at 4. In this Court's

prior opinion, we held that the trial court's action granting a mistrial reflected a finding of "manifest necessity." 721 S.W.2d at 908. The mandate of the Court of Criminal Appeals requires this Court to decide only whether Harrison consented to the trial court's actions.[1] Having answered this question, we reinstate our prior judgment in conformity with our prior opinion.

We affirm the trial court's judgment.

HOWELL, J., dissents.

HOWELL, Justice, dissenting in part.

I agree with the answer given by our majority to the question propounded to us by the Court of Criminal Appeals. However, for the reasons stated in my previous dissent, I would reverse and dismiss the prosecution.

The specific question referred to us by the Court of Criminal Appeals has been correctly decided by our majority. Appellant neither asked for a mistrial nor does the record indicate that he or his counsel made any statements from which the trial court could have deduced that such was appellant's desire. "High standards of proof" are required of those who would assert the waiver of a constitutional right. *Miranda v. Arizona*, 384 U.S. 436, 474, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966). It is not permissible to presume from a silent record that appellant knowingly and intelligently agreed to forego (and thereby, waived) his constitutional right not to be put in jeopardy twice for the same offense. *Id.*

For the reasons set forth in my previous dissent, the case should be reversed and the prosecution dismissed. To this extent, I dissent from today's ruling.

---

1. The mandate does not require us to reconsider our previous opinion. Although we apparently are no longer required to read the mandate of the Court of Criminal Appeals restrictively, *see Adkins v. State*, 764 S.W.2d 782, 784 (Tex.Crim.

App.1988), we see no reason in this case to embellish or expand upon it in any way. *See Tarlton v. State*, 748 S.W.2d 13, 15 (Tex.App.— Dallas 1987, pet. ref'd).