LEROY SMITH V. STATE

No. 31,506. February 17, 1960

State's Motion for Rehearing Overruled April 6, 1960

WOODLEY, Judge, dissented.

*W. E. Martin, H. A. Crawford,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, five years.

We are met at the outset with a serious question of jury misconduct. Appellant introduced at the hearing on the motion the affidavits of three of the jurors, and the state introduced affidavits from four of the remainder. Juror Baker swore that during their deliberations, and before arriving at a verdict, several jurors stated that appellant "would only have to serve 18 months if given a five-year sentence." Juror King swore that he heard during their deliberations, and before arriving at a verdict, that appellant "would only have to serve 18 months of a five-year sentence." And juror Printis swore that some of the jurors stated during their deliberations, and before the five years was agreed upon, "that if he (appellant) were assessed five years he would serve it in eighteen months."

We think it is significant to point out at this juncture that none of the above affidavits mentions parole or eligibility for parole but make the blanket assertion that the sentence would be *served* in 18 months.

The state introduced the following affidavits. Juror Gambrell swore as follows "I don't recall anyone saything (sic) that a prisoner could serve a five-year term in eighteen months." Juror Hoyer swore as follows, "I do not recall anyone saying the defendant would have to serve * * * eighteen months on a

five-year period * * * ." Judge Bagby swore, "I did not hear anyone say that a prisoner would serve * * * eighteen months on a five-year term * * * ." Juror Gorski swore, " * * nor did I hear anyone else make any representation * * * as to the time he would have to serve * * * ."

Under the holdings of this court in Gibbs v. State, 163 Tex. Cr. Rep. 370, 291 S. W. 2d 320, the affidavits of the jurors that they did not hear statements made is not sufficient to raise an issue of fact for the trial court's determination.

The facts before us here are far stronger than in Mays v. State, 166 Tex. Cr. Rep. 339, 320 S.W. 2d 13, because there the discussion was concerning accused's eligibility for parole, *not that he would serve the sentence.*

Upon another trial, the question of newly discovered evidence will not be presented, and therefore need not be discussed.

Because the jury during its deliberations received new and incorrect information concerning the punishment, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

After the jury had agreed that appellant was guilty as charged and while they were discussing the punishment to be assessed, "various members of the jury made observation concerning the pardon policy. One said he thought the defendant could get off after serving two-thirds of his time, and others said other periods of time * * * ."

"Some jurors stated that if he were assessed five years he would serve it in eighteen months."

"Various people made observations about what they had heard concerning time off for good behavior, and we all generally agreed that the defendant would not have to serve the entire five years." (Quotations are from the evidence adduced at the hearing on motion for new trial.)

There is not the least suggestion that any juror knew or claimed to know what calendar time would be required to serve a five-year-sentence in the penitentiary. At most, some one or more jurors thought such a sentence could be served in eighteen months.

318

In Salcido v. State, 167 Tex. Cr. Rep. 173, 319 S.W. 2d 329, a juror stated that the defendant "would serve approxicately one-third of the time to which he was sentenced by the jury's verdict." As applied to a five year term, the juror's statement was that defendant would serve approximately 20 months. This court said that such statement was predicated upon the contingency that the inmate would secure time off for good behavior and affirmed the judgment.

It thus appears that if a juror states that the defendant will serve a five-year-sentence in approximately 20 months the verdict will be upheld, but if his statement is that the defendant would serve such sentence in 18 months the verdict will be set aside. I cannot accept as valid the nice distinction.

The trial judge did not abuse his discretion in overruling the motion for new trial and his judgment should not be overturned.