**Billy Joe TYRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51276.**

Court of Criminal Appeals of Texas.

March 24, 1976.

---

3. See footnote one.

Charles Warren Van Cleve, Arlington, for appellant.

Henry Wade, Dist. Atty., James B. Scott and Jerry Banks, Asst. Dist. Attys., Dallas,

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge. ·

The offense is fondling of sexual parts of a female child under the age of 14 years (Article 535d, V.A.P.C.); the punishment, enhanced by two prior felony convictions, life.

Appellant's first ground of error alleges there is a fatal variance between the allegations of the indictment and the proof adduced at trial. The portion of the indictment in question alleged that appellant "knowingly and intentionally placed his hand against the sexual part to-wit: the vagina of . . . ."

The prosecutrix testified as follows:

"A   He put his hand between my legs.

Q   Did he place his hand against your vagina?

A   Yes."

She further testified:

"A   He put his hand where my vagina is.

Q ·All right.  When you say vagina, what do you mean by that?

A   Where I use the rest room.

Q   Okay.  You mean the whole area around there, don't you, isn't that what you mean, the whole area between your legs?

A   Yes.

Q   So you are saying that maybe he touched the whole area between your legs, is that what your testimony is?

A   Yes."

The State also introduced the confession of appellant in which he stated, "I did, one time while we were on the bed, play with her pussy a little."

Appellant as part of his defense presented the testimony of a doctor that the vagina

of a female was not a part of the vulva, but rather an internal sexual organ. He further testified that in his opinion it would not be possible for a man to place his hand against the vagina of a nine year old child. On cross examination the doctor admitted that the opening to the vagina is located close to the vulva and very little pressure would be required for a man to push his fingers between the lips of the vulva and touch the opening of the vagina.

We were confronted with a similar contention in *Whatley v. State*, Tex.Cr.R. 488, S.W.2d 422, wherein we said:

"Appellant urges that since the indictment alleged that the appellant placed the hand against the vulva of the prosecutrix, the State was bound to prove that the appellant did in fact place his hand on the vulva of prosecutrix as alleged.

In *Mounce v. State*, Tex.Cr.App., 432 S.W.2d 104, this court held that 'The testimony that the appellant placed the hands on the sexual private parts of the prosecutrix was sufficient to sustain such allegation,' the allegation in the indictment having been that the defendant had placed his hands on the sexual parts, to-wit: the vulva.

In *Ball v. State*, 163 Tex.Cr.R. 214, 289 S.W.2d 926, this court concluded that prosecutrix's testimony that defendant put his hand on her leg and on her privates was sufficient to support the indictment charging that appellant had 'placed his hand against the sexual part, to-wit: the vulva.'

In *Thomas v. State*, Tex.Cr.R., 399 S.W.2d 555, it was held: 'The testimony of the prosecutrix that appellant placed vaseline on her privates . . . is sufficient to sustain the allegation in the indictment that he placed his hand against her "sexual part, to wit: the vulva." '

We find the testimony of the prosecutrix in the instant case sufficient to sustain the allegations in the indictment."

The evidence in the case at bar was sufficient to support the allegation that appellant placed his hand "against" the vagina of the prosecutrix.

Appellant's second ground of error is multifarious and not in compliance with Art. 40.09(9), V.A.C.C.P.

■ Ground of error three, if we properly understand the same is that the court erred in failing to submit to the jury the question of the voluntariness of appellant's confession. No objection was made to the court's charge on this ground, nor was a special charge on the issue of voluntariness requested.[1] Nothing is presented for review. *Langford v. State*, Tex.Cr.App., 532 S.W.2d 91; *Keith v. State*, Tex.Cr.App., 499 S.W.2d 187.

■ Appellant's fourth ground of error contends that the trial court made a comment on the weight of the evidence in its instructions to the jury. There is no written objection to this portion of the charge now complained of, therefore nothing is presented for review.

■ Appellant next complains that "the State utilized such inflammatory procedures and statements that the rights of the accused were denied with substantial prejudice." Such ground of error is multifarious and not in compliance with Art. 40.09(9), V.A.C.C.P.

■ Finally appellant contends that the State did not offer proper proof of prior convictions for enhancement. The record reflects that appellant was indicted under Art. 63, V.A.P.C. However, the record is silent as to any proof that the commission of the offense for which he was convicted in 1963 occurred after his 1953 conviction was

---

1. We note that the trial court held a hearing outside the presence of the jury at which time the confession was found to be freely and voluntarily made and findings to that effect were entered in the record. Further, the record fully supports these findings of the trial court.

**698**

final. It is well established that the enhanced penalty statutes including Art. 63, supra, are to be strictly construed. *Juarez v. State*, Tex.Cr.App., 496 S.W.2d 638; *Alvarez v. State*, Tex.Cr.App., 472 S.W.2d 762; *Smith v. State*, 169 Tex.Cr.R. 315, 333 S.W.2d 385; *Rogers v. State*, Tex.Cr.App., 325 S.W.2d 697. It is error to enhance the punishment where there is no proof that each succeeding conviction is subsequent both in point of time of the commission of the offense and the conviction therefor. Cf. *Villareal v. State*, Tex.Cr.App., 468 S.W.2d 837; *Garay v. State*, Tex.Cr.App., 389 S.W.2d 952.

The error herein relates to punishment only; the court assessed the punishment. Therefore, the life sentence is set aside and the case remanded to the trial court for a new hearing or trial on the issue of punishment to be assessed by the court, at which time the State may again attempt to prove the prior convictions for the purpose of enhancing punishment. See *Bullard v. State*, Tex.Cr.App., 533 S.W.2d 812 (Delivered March 3, 1976).

It is so ordered.

ONION, Presiding Judge (concurring in part and dissenting in part).

I agree that the case must be remanded to the trial court for a new hearing on punishment, but dissent for the same reason as stated in my opinion (Concurring in Part and Dissenting in Part) in *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App., Delivered March 3, 1976). Upon remand the court should be restricted to assessing punishment for the primary offense alone. *Elizalde v. State*, 507 S.W.2d 749 (Tex.Cr.App. 1974), should not have been overruled in *Bullard v. State*, supra.