Billy Joe TYRA

v.

The STATE of Texas, Appellee.

No. 51276.

Court of Criminal Appeals of Texas.

April 6, 1977.

Charles Warren Van Cleve, Arlington, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Gerald A. Banks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Justice.

The conviction is for fondling the sexual parts of a female child under the age of fourteen (14) years in violation of Art. 535d, Vernon's Ann.P.C. (1925), as amended. The punishment, enhanced by two prior felony convictions under Art. 63, Vernon's Ann. P.C., was assessed at life imprisonment.

In June of 1973 appellant was convicted by a jury of fondling the sexual parts of a

female child under the age of fourteen (14) years. The court assessed punishment at life imprisonment, having found that appellant had been convicted of two prior felonies. On appeal to this Court we overruled all of appellant's contentions as they related to the determination of his guilt; however, because there was error during the punishment phase of the trial and the court had assessed the punishment, we set aside appellant's life sentence and remanded the case to the trial court for a new hearing or trial on the issue of the punishment to be assessed by the court. *Tyra v. State,* 534 S.W.2d 695 (Tex.Cr.App.1976). In June of 1976, a new punishment hearing was held in the trial court. After hearing evidence the trial court again found that appellant had two prior felony convictions and again assessed appellant's punishment at life imprisonment. The court then "re-sentenced" appellant and notice of appeal was given.

■ An examination of the record reveals that the trial court did not enter a new judgment after the June 1976 punishment hearing. The only judgment found in the record is the one that was entered after appellant's trial and conviction in June of 1973. Although not specifically stated in our opinion in *Tyra v. State,* supra, the effect of our holding was at least to set aside or reverse that part of the 1973 judgment which had assessed appellant's punishment at life imprisonment. Consequently, in the record before us we have no completed judgment upon which the trial court could pronounce sentence or a "re-sentence" after the 1976 punishment hearing. For this reason we have concluded that the present appeal must be dismissed.

■ Art. 42.01, Vernon's Ann.C.C.P., sets out the requisites of a judgment. Sec. 1(10) of that statute provides that a judgment must show the punishment assessed against the defendant. This is an essential part of a judgment. *Woods v. State,* 532 S.W.2d 608 (Tex.Cr.App.1976); *Faurie v. State,* 528 S.W.2d 263 (Tex.Cr.App.1975). Without a recitation in an instrument purporting to be a judgment of the penalty assessed and ordering the defendant to be punished "as has been determined" the instrument does not comport with the requirements of Art. 42.01, supra. *Savant v. State,* 535 S.W.2d 190 (Tex.Cr.App.1976).

■ Art. 40.09, Sec. 1, Vernon's Ann.C.C.P., provides that the record on appeal shall always include, whether designated by the parties or not, a copy of the judgment. Without a judgment as defined by Art. 42.01, supra, the pronouncement of sentence under Art. 42.02, Vernon's Ann.C.C.P., is unauthorized. *Scott v. State,* 461 S.W.2d 619 (Tex.Cr.App.1971); *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974). The sentence must be based upon the judgment. *Scott v. State,* supra; *Morgan v. State,* supra. Because our decision in *Tyra v. State,* supra, set aside the 1973 judgment which assessed appellant's punishment at life imprisonment, that judgment could no longer support the 1976 "re-sentence" which ordered appellant confined in the Department of Corrections for life.

Upon receipt by the clerk of the trial court of our mandate of dismissal, the trial court should enter a new judgment which contains all the requisites of Art. 42.01, supra. See *Savant v. State,* supra, and compare *Mendez v. State,* 535 S.W.2d 365 (Tex.Cr.App.1976). After the entry of that judgment sentence may then be pronounced within the time provided by Art. 42.03, Vernon's Ann.C.C.P., and appellant may again perfect an appeal by giving notice of appeal within the time provided by Art. 44.08(c), Vernon's Ann.C.C.P.

The appeal is dismissed.