**Brett James BOWLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60406.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 24, 1979.

None appearing for appellant.

None appearing for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Appellant was convicted by a jury for the unlawful possession of a usable quantity of more than four ounces of marihuana. The judgment recites that the court assessed punishment at confinement in the Collin County jail for 30 days beginning June 15, 1978, a fine of $1500.00, and five years' confinement in the Texas Department of Corrections probated for a period of five years.

The record is before us without a transcription of the court reporter's notes or formal bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Article 40.09(9), Vernon's Ann. C.C.P., and none has been filed here. There is no showing of indigency; however, we find unassigned error that must be reviewed in the interest of justice under Article 40.09(13), Vernon's Ann.C.C.P.

The knowing or intentional possession of a usable quantity of more than four ounces of marihuana is a third degree felony. Section 4.05(a) and (b)(1), Article 4476–15, Vernon's Ann.Civ.St. The applicable punishment for a third degree felony is by confinement in the Department of Corrections for not more than 10 years or less than 2 years. In addition to imprisonment, an individual adjudged guilty of a third degree felony may be punished by a fine not to exceed $5,000. Section 4.01(b)(3), Article 4476–15, supra. See also V.T.C.A., Penal Code, Section 12.34. Thus, a 30 day jail term is not an authorized punishment for the offense for which appellant stands convicted.

We have reviewed the record and have found no reversible error insofar as appellant has been adjudged guilty of the offense of unlawfully possessing a usable quantity of more than four ounces of marihuana; however, because reversible error was committed in assessing punishment, that part of the judgment is reversed and the cause is remanded to the trial court for a new punishment hearing.

It appears that what the trial court intended to do in the instant case was to assess the defendant's punishment at confinement in the Department of Corrections for a period of five years and a fine of $1500.00; and, that the court further intended to suspend the imposition of sentence and place the defendant on probation for a five year period on the condition, among other things, that appellant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days, as authorized by Article 42.12, Section 6b(a), Vernon's Ann.C.C.P. However, that is not the way the judgment reads in the instant case; and, we have found nothing else in the record by which we would be justified in reforming the trial court's judgment under Article 44.24(b), Vernon's Ann.C.C.P. Consequently, because the 30 day jail term was made a part of the punishment assessed, rather than as a condition of probation, the judgment in the trial court, insofar as it relates to the assessment of the punishment, is reversed

and the cause is remanded to the trial court for a new punishment hearing. Upon the assessment of a proper punishment in this case, the trial court should enter a new judgment, see *Tyra v. State,* 548 S.W.2d 912 (Tex.Cr.App.1977), as well as a new adult probation order. If appellant still desires to appeal, he may do so by giving notice of appeal within the time provided by Article 44.08(b), Vernon's Ann.C.C.P.

It is so ordered.