TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00493-CR






Dennis Drew Chafin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-00-014, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 May a trial court accept a jury's verdict at the guilt-innocence stage of a trial and then
sua sponte reform the verdict at the penalty stage and instruct the jury to punish for a different
offense? The answer is no. Does it matter that the original verdict was based on alleged conduct
that was not a crime? The answer is still no.

 Appellant Dennis Drew Chafin appeals his five convictions for the second degree
felony offense of indecency with a child by contact. See Act of May 29, 1993, 73d Leg., R.S., ch.
900, § 1.01, 1993 Tex. Gen. Laws 3586, 3615 (Tex. Pen. Code Ann. § 21.11(a)(1), since amended). 
The jury found appellant guilty of aggravated sexual assault of a child in one count and of indecency
with a child in four counts. In accordance with the trial court instructions, the jury assessed
punishment for five counts of indecency with a child at eight years' imprisonment for each count.

 We will reverse the one conviction for indecency with a child (reformed sua sponte
by the trial court from a conviction for aggravated sexual assault of a child) and dismiss because the
conduct alleged in the indictment was not a crime at the time of the alleged commission. Because
the evidence is legally insufficient to support the other four convictions, we will reverse the
judgment and order acquittals.


Points of Error


 Appellant advances sixteen points of error. In four points of error, appellant
complains that he was charged with conduct that did not constitute the crime of aggravated sexual
assault of a child, that the trial court erred in overruling his mistrial motion, and that in the process
of the trial he was denied due process of law and due course of law in violation of the federal and
state constitutions. Eight points of error challenge the legal and factual sufficiency of the evidence
to sustain four convictions of indecency with a child. In view of our disposition, we will not reach
appellant's other points of error relating to evidentiary rulings and a jury charge on parole.


Background


 The eight-count indictment charged appellant with four counts of aggravated sexual
assault of a child and four counts of indecency with a child by contact. Before trial, the State
abandoned and waived counts I, III, and IV of the indictment, each alleging the offense of aggravated
sexual assault of a child. The trial court granted the State's request to renumber the counts
remaining in the indictment. Appellant did not object. There was no physical alteration on the face
of the indictment. It appears that count II of the indictment was renumbered count I, and counts V,
VI, VII, and VIII became counts II, III, IV, and V. This renumbering was used during trial and in
the briefs on appeal. (1)


Facts


 The complainant, C. H., testified at the August 2001 trial that she was sixteen years
old and a high school cheerleader. She related that appellant was her maternal aunt's former
husband who had periodically molested her since 1993 when she was about seven or eight years old. 
The complainant did not live with appellant and his wife, but claimed that the incidents occurred on
visits to appellant's home or at family gatherings. She acknowledged that she did not make an
outcry to an adult until the summer of 1999 when she talked to an older stepcousin, H. H., who
advised her to tell her mother. The complainant admitted that she was not clear on the dates of the
occurrences unless she could tie the date to a particular event that she could remember--such as the
videotaping of the birth of kittens in Hidalgo County in 1993. (2) She testified about unadjudicated
offenses in Hidalgo and Uvalde Counties in 1993 and other offenses at unspecified times after
appellant had moved to Hays County. As to the subject matter of count I, it was established that in
the summer of 1996 the complainant had come to Hays County for horseback riding classes; she
spent the night at appellant's home. She related that after she went to bed, appellant came into the
room and placed his penis to her mouth, and that she clinched her teeth and refused to open her
mouth. There was no penetration. Appellant left the room.

 Appellant testified and denied each and every charge. His former wife, Julianne, was
married to him at the pertinent times. She testified that she was unaware of any such conduct as
alleged and was surprised at the outcry of her niece in 1999. She testified to the divorce and the
turmoil within the family resulting from the accusations.


Re: Procedure--Count I


 In light of appellant's contentions that he was improperly charged and convicted of
conduct that was not a crime, we examine the procedure regarding the renumbered count I. The
indictment was presented January 6, 2000. Count I alleged:


Dennis Drew Chafin hereinafter styled Defendant, on or about the lst day of July,
A.D., 1996, and before the presentment of this indictment, in the county and state
aforesaid, did then and there knowingly and intentionally sexually assault [C. H.], by
then and there knowingly and intentionally causing his male sexual organ to contact
the mouth of the aforesaid [C. H.] who was then and there a child younger than 14
years of age and not the spouse of the said Defendant.



The undisputed evidence showed that the conduct occurred in the summer of 1996. Tracking the
indictment, the trial court submitted count I to the jury. There was no submission of a lesser
included offense nor a request by either party for such a submission. The jury returned a general
verdict finding appellant guilty "as alleged in Count I of the indictment." This verdict at the guilt-innocence stage of the trial was accepted by the trial court and filed.

 At the penalty stage of the trial, the trial court announced that after "some research"
and because of the "time frame" it would, sua sponte, reform the jury's verdict on count I to show
a conviction for the "lesser included offense of indecency with a child." The State expressed its
concern, and appellant's motion for a mistrial was overruled. The jury was informed that the
punishment hearing would proceed with count I being a conviction for the "lesser included offense
of indecency with a child." The trial court in its charge on punishment authorized punishment on
count I for indecency with a child, a second-degree felony. See Tex. Pen. Code Ann. § 12.33 (West
1994) (two to twenty years' imprisonment and a fine up to $10,000). The jury was told that
appellant had been "found guilty by the jury of the offense of indecency with a child (5 counts)." 
In accordance with the instructions at the penalty stage of the trial, the jury's punishment verdict
reflected that it had found appellant guilty of indecency with a child "as alleged in count I of the
indictment" and assessed his punishment at eight years' imprisonment. No fine was assessed.

 The formal judgment and sentence reflected the jury's original verdict on count I at
the guilt-innocence stage of the trial and then added:


Subsequent to the jury's verdict as to guilt on Count I, the Court held that the
evidence was insufficient to sustain a conviction as to the offense of Aggravated
Sexual Assault, and the conviction in Count I was reformed to reflect a conviction
for the lesser-included offense of indecency with a child.



Discussion


 The indictment appears valid on its face, and it alleged that the offense occurred "on
or about July 1, 1996." The prosecution, however, is not bound by the "on or about" date on which
the offense is alleged to have been committed so long as the date proved is prior to the date of the
indictment's presentment and within the statute of limitations period. See Tex. Code Crim. Proc.
Ann. art. 21.02(6) (West 1989); Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997);
Walker v. State, 4 S.W.3d 98, 104 (Tex. App.--Waco 1999, pet. ref'd); Berrios-Torres v. State, 802
S.W.2d 91, 95 n.2 (Tex. App.--Austin 1990, pet. ref'd). The statute of limitations for the offense
of aggravated sexual assault of a child is ten years from the eighteenth birthday of the victim of the
offense. See Tex. Code Crim. Proc. Ann. art. 12.01(5)(B) (West Supp. 2003).

 Prior to September 1, 1997, section 22.02(a)(1)(B) of the Texas Penal Code
(aggravated sexual assault) did not criminalize the act of causing the mouth of a child to contact or
touch the sexual organ of another person, including the actor. See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737 (Tex. Pen. Code Ann. § 22.021(a)(1)(B), since
amended). Effective September 1, 1997, section 22.021 was amended to broaden the definition of
aggravated sexual assault of a child to include, as it still does, the act of "caus[ing] the mouth of a
child to contact the sexual organ of another person including the actor." Act of May 28, 1997, 75th
Leg., R.S., ch. 1286, § 2, 1997 Tex. Gen. Laws 4911; see Tex. Pen. Code Ann. § 22.021(a)(1)(B)(v)
(West Supp. 2003).

 The undisputed proof at the trial showed that the conduct alleged occurred in the
summer of 1996 when the conduct was not a crime. The State does not claim otherwise.


Conduct does not constitute an offense unless it is defined as an offense by statute,
municipal ordinance, order of a county commissioners court, or a rule authorized by
and lawfully adopted under a statute.



Tex. Pen. Code Ann. § 1.03(a) (West 1994). Unless theconduct of the accused has been made a
penal offense by statute, he cannot be legally convicted. See Banti v. State, 289 S.W.2d 244, 247
(Tex. Crim. App. 1956). A Texas conviction can never rest upon conduct, regardless of how great
the wrong and injury, which is not a criminal offense by law. Lawton v. State, 913 S.W.2d 542, 551
(Tex. Crim. App. 1995); see also Murray v. State, 2 S.W. 757, 759 (Tex. Ct. App. 1886); Cain v.
State, 20 Tex. 355 (1857). "To convict someone of a crime on the basis of conduct that does not
constitute the crime offends the basic notion of justice and fair play embodied in the United States
Constitution." United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991); see also United States v.
Daniels, 12 F. Supp. 2d 568, 573 (N.D. Tex. 1998).

 There are several reasons why the trial court's earlier described action was
inappropriate. In view of the undisputed proof at trial that the conduct alleged in count I actually
occurred in 1996 when that conduct was not criminalized, the trial court had no personal jurisdiction
over appellant or subject matter jurisdiction with regard to count I. When a trial court lacks
jurisdiction for any reason, the judgment rendered is void. State v. Olsen, 360 S.W.2d 398, 399
(Tex. 1962). Void convictions are normally defined as those in which the trial court lacks
jurisdiction over the person or subject matter, or in which the trial court lacked qualifications to act
in any manner. Ex parte McCain, 67 S.W.3d 204, 209 (Tex. Crim. App. 2002). A void judgment
is a nullity and can be attacked at any time. Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App.
2001); Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001); Ex parte Patterson, 869
S.W.2d 16, 19 (Tex. Crim. App. 1998).

 Even with jurisdiction, the trial court had no authority under the circumstances to sua
sponte reform the jury's verdict at the guilt-innocence stage of the trial and tell the jurors that they
had convicted appellant of a lesser included offense and to punish him for the lesser offense. A trial
court may not receive a verdict and then enter a different judgment from that called for by the
verdict. Combes v. State, 286 S.W.2d 949, 950 (Tex. Crim. App. 1956); Hardy v. State, 261 S.W.2d
172, 174 (Tex. Crim. App. 1953); Cagle v. State, 179 S.W.2d 545, 546 (Tex. Crim. App. 1944). "It
has been repeatedly held that the judgment must follow the verdict. Nothing may be added thereto
nor taken therefrom." Ex parte Gibson, 28 S.W.2d 396, 397 (Tex. Crim. App. 1939). Further, a trial
court hearing a criminal case lacks authority to grant a judgment non obstante veredicto. State v.
Savage, 933 S.W.2d 497, 498 (Tex. Crim. App. 1996). (3)

 Moreover, the Code of Criminal Procedure provided the procedure for the trial court. 
Article 36.11 provides in pertinent part that "[i]f it appears during trial that the court has no
jurisdiction of the offense, or that the facts charged in the indictment do not constitute an offense,
the jury shall be discharged." Tex. Code Crim. Proc. Ann. art. 36.11 (West 1981). (4)

 It is true that in a prosecution for an offense with lesser included offenses, the jury
may find the defendant not guilty of the greater offense but guilty of the lesser included offense. See
Tex. Code Crim. Proc. Ann. art. 37.08 (West 1981). How can there be a lesser included offense if
there is no legal greater offense--where the conduct alleged as a "greater offense" is not a crime? 
Cf. Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981) (stating circumstances when an "offense"
may be a lesser included offense). We conclude that there is no lesser included offense to conduct
that is not criminal. For this reason, too, the trial court's action was invalid.

 If the conviction was before this Court as one for aggravated sexual assault of a child
merely without sufficient evidence to support it, this Court would be unable to reform the judgment
to reflect a lesser included offense of indecency with a child under the circumstances. See Collier
v. State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).


[A] court of appeals may reform a judgment of conviction to reflect a lesser included
offense only if (1) the court finds the evidence insufficient to support the conviction
of the charged offense but sufficient to support conviction of the lesser included
offense, and (2) either the jury was instructed on the lesser included offense (at the
request of either party or by the trial court sua sponte) or one of the parties asked for
but was denied such an instruction.



Id.; see also Ross v. State, 9 S.W.3d 878, 882 (Tex. App.--Austin 2000, pet. ref'd); Hicks v. State,
999 S.W.2d 417, 421 (Tex. App.--Waco 1999, pet. ref'd).

 As noted earlier, there was no jury instruction here on a lesser included offense nor
a request by either party for such an instruction. Nevertheless, the State asks that we affirm the
conviction under count I of the indictment by considering that the indictment alleged, from the
beginning, an offense of indecency with a child not as a lesser included offense but as the offense
intended to be alleged. The State urges this reformation despite the labeling of the offense in count
I as an aggravated sexual assault of a child, the lack of allegations as to some of the elements of the
offense of indecency with a child, and regardless of the actions and procedure at trial. We have no
such reformatory powers. See Collier, 999 S.W.2d at 782.

 In point of error five, appellant complains that the trial court erred in denying his
motion for mistrial made when it was apparent to the trial court, the prosecutor, and appellant that
the "conviction" under count I was not based on conduct defined as a crime. We agree.

 We review a trial court's denial of a mistrial under an abuse of discretion standard. 
See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Jackson v. State, 50 S.W.3d 579, 588
(Tex. App.--Fort Worth 2001, pet. ref'd). A mistrial is a device used to halt trial proceedings when
the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. 
See Dooley v. State, 65 S.W.3d 840, 841-42 (Tex. App.--Dallas 2002, no pet.). To determine
whether a given error necessitates a mistrial, we examine the particular facts of the case. Ladd, 3
S.W.3d at 567; Dooley, 65 S.W.3d at 842. We need not reiterate the facts. The mistrial motion was
made when the trial court had lost jurisdiction of the offense and was sua sponte reforming the jury's
verdict. A mistrial is an extreme remedy, Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App.
1996), but it was appropriate here as to count I of the indictment. In this regard, we reject the State's
argument to the contrary. Likewise, we find the State's argument that the complaint on appeal does
not comport with the mistrial motion at trial to be without merit. The mistrial motion may not have
been as articulate as possible, but it does correspond to the contention on appeal. The trial court and
the parties all understood the basis for the mistrial motion. The trial court abused its discretion in
denying the motion for a mistrial as to count I. The error here did affect the substantial rights of
appellant, was harmful, and cannot be disregarded. See Tex. R. App. P. 44.2(b). The fifth point of
error is sustained.

 In view of this disposition, we need not discuss appellant's points of error six and
seven claiming violations of due process and due course of law, which would also appear to entitle
him to the relief requested as to the conviction under count I. It is, however, a violation of these
processes to convict a defendant for conduct that does not constitute a crime. Briggs, 939 F.2d at
228. To do so would offend the basic notion of justice and fair play embodied in the federal
constitution. Id. Where the trial court is without jurisdiction, the concept of harmless or
nonprejudicial error has no application. In effect, everything that occurs due to the error is a nullity. 
See State v. Hagen, 79 S.W.3d 447, 445 (Mo. Ct. App. S.D. 2002) (citing State v. Garms, 750
S.W.2d 702, 703 (Mo. Ct. App. 1988)); see also Foster v. State, 635 S.W.2d 710, 721 (Tex. Crim.
App. 1982). The judgment of conviction obtained under count I of the indictment is reversed and
that cause dismissed.


Legal Sufficiency--The Other Convictions


 We turn next to points of error eight through eleven challenging the legal sufficiency
of the evidence to sustain the other four convictions for indecency with a child. The standard for
reviewing the legal sufficiency of the evidence is whether viewing the evidence in the light most
favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt
all the essential elements of the offense charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Skillern v. State, 890 S.W.2d 849, 879 (Tex. App.--Austin 1994, pet. ref'd). The standard of review
is the same in both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1965). A reviewing court must consider all the evidence, rightly or wrongly
admitted, that the trier of fact was permitted to consider. Garcia v. State, 919 S.W.2d 370, 378 (Tex.
Crim. App. 1994). The reviewing court does not realign, disregard, or weigh the evidence. 
Rodriguez v. State, 939 S.W.2d 211, 218 (Tex. App.--Austin 1997, no pet.). The jury as the trier
of fact is the judge of the credibility of the witnesses and the weight to be given the testimony. See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992). The sufficiency of the evidence is a question of law. See Urbano v. State, 837
S.W.2d 114, 115 (Tex. Crim. App. 1992). The verdict may not be overturned unless it is irrational
or unsupported by proof beyond a reasonable doubt. Id. at 115-116; Kimberlin v. State, 877 S.W.2d
828, 831 (Tex. App.--Fort Worth 1994, pet. ref'd).


Elements of the Offense


 The elements of the offense of indecency with a child under the statute in effect on
the dates alleged in the instant indictment were that the accused: (1) knowingly or intentionally, (2)
engaged in sexual contact, (3) with a child, (4) younger than seventeen years of age, (5) who was not
the spouse of the accused. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3615-16 (Tex. Pen. Code Ann. § 21.11(a)(1), since amended). Sexual contact was
defined at the time as "any touching of the anus, breast, or any part of the genitals of another person
with intent to arouse or gratify the sexual desire of any person." Id., 1993 Tex. Gen. Laws 3586,
3614 (Tex. Pen. Code Ann. § 21.02(2), since amended).

 Appellant was convicted of four separate and distinct counts of the second degree
felony offense of indecency with a child . Count II (as renumbered) provided in pertinent part that
the appellant


[o]n or about the 3rd day of June, A.D., 1998, and before the presentment of this
indictment in the county and state aforesaid, with the intent to arouse or gratify the
sexual desire of Dennis Dew Chafin did then and there knowingly and intentionally
engage in sexual contact with [complainant] by touching the breast of the aforesaid
[complainant], who was then and there a child younger than 17 years of age and not
the spouse of the defendant.



 The other three counts (counts III, IV, and V as renumbered) made the same
allegations except that they alleged the dates "on or about the 1st day of July, A.D., 1996," "on or
about the 4th day of July, A.D., 1995," and "on or about the 1st day of July, A.D., 1993."

 It was the State's burden to prove beyond a reasonable doubt the elements of each of
the four separate counts of the indictment. See Tex. Pen. Code Ann. § 2.01 (West 1994); Tex. Code
Crim. Proc. Ann. art. 38.03 (West Supp. 2003); Short v. State, 874 S.W.2d 666, 667 (Tex. Crim.
App. 1994); Webber v. State, 29 S.W.3d 226, 234 (Tex. App.--Houston [14th Dist.] 2000, pet.
ref'd); see also In re Winship, 397 U.S. 358, 364 (1970). Tracking the language of the indictment,
the trial court submitted all four of the above described counts to the jury, which convicted appellant
on the four counts and assessed his punishment at eight years' imprisonment on each count.


Appellant's Contention


 Appellant contends that "no evidence whatsoever was presented to the jury" to prove
the actions as alleged in the four counts. Appellant notes the evidence of extraneous offenses in
counties other than Hays County about the touching of the complainant's "boobs," but urges that the
complainant's testimony about the elements of the four counts was general, global, and without
specification as to occasion, location, and time, etc. Appellant claims that the State did not sustain
its burden of proof.

 The difficulty presented by this record is that the prosecution never directed the
complainant's attention to the four counts or elicited from her testimony about the counts
individually or collectively. In response to appellant's contentions, the State cites the same brief
testimony of the complainant that appellant cites and considers totally inadequate.


Discussion


 The complainant testified that she made her first outcry to an adult in 1999. The
record then reflects:


Q. - when was the last time that it had occurred prior to that [1999]?


A. I know that it happened probably the summer before that. I know it happened,
but there's no events that I can -- that can recall my memory or make me
remember anything like that, but I do know that it did happen.


Q. And what do you mean "it"? What do you mean by "it"?


A. Him touching me and making me touch him.


Q. All right. And where would he have touched you at?


A. On my boobs, vagina, and butt.


Q. Okay. Was it pretty consistent?


A. Yes.


Q. Okay.


A. Very.


Q. And did it consistently happen every time that you were alone with Dennis?


A. Yes.


Q. Okay. And when I mean by -- what do you mean by alone with Dennis?


A. Whenever nobody else was around.


Q. Okay. Was it mostly during the day or when?


A. It happened during the day, but most of the time it was at night, whenever I was
going to sleep.



 Appellant contends that the foregoing evidence is insufficient to support the four
convictions in question. (5)

 The complainant earlier testified that in 1993, when she was about eight years old,
appellant touched her "boobs, vagina, and butt," but these incidents were shown to have occurred
in Hidalgo and Uvalde Counties and could not be the basis of the allegations in the four counts of
indecency with a child in Hays County. The complainant testified as set forth earlier that appellant
touched her "boobs" only when they were alone. This eliminates those incidents she described in
her testimony when others were present and where she made no mention of her breasts being
touched.

 The complainant testified that at a family reunion in 1993, apparently near Wimberly
in Hays County, she was swimming in a river with others when appellant, while "playing around in
the water," rubbed his penis against her legs and "touched me under my bathing suit." She was not
asked if, and did not say that, he touched her breasts.

 The complainant also testified that, at some unspecified time in Wimberly, she and
appellant's son, Bryan, were playing a computer game when appellant came into the room and placed
her in his lap. She moved when Bryan "left," but appellant touched her vagina inside of her shorts. 
No mention was made of appellant touching her breasts.

 The complainant testified that on another unspecified time in Bryan's room (no other
location given) when both of appellant's sons were present on the floor, appellant came into the
room, laid on the bed where she was, and placed his hand under her pants and touched her vagina. 
No mention was made of her breasts. When describing the events underlying count I of the
indictment earlier discussed, the complainant did not state that appellant ever touched her breasts.

 We have examined the record independently of the complaint's testimony to
determine if there was other evidence to support the allegations of the four counts of indecency with
a child. We find no supporting evidence in the testimony of the complainant's mother, Detective
Mark Graves, H. H., the stepcousin, or Dr. Dana Powell, a psychotherapist. (6) The State has not
directed us to other supporting evidence. And we have not found anything in the defense testimony
that could be said to support the allegations.

 The State argues that "given the consistent nature of the abuse," there was a
reasonable inference that the touching of the breasts occurred on or about the dates alleged. Other
than the reasonable inference argument, the State makes no effort to tie the "touching of the breasts"
to earlier incidents where such evidence was lacking. Although the State may well have been able
to elicit such testimony, it failed to do so. The State does cite Guia v. State, 723 S.W.2d 763, 766
(Tex. App.--Dallas 1986, pet. ref'd), and Bryant v. State, 685 S.W.2d 472, 474 (Tex. App.--Fort
Worth 1983, pet. ref'd). Both of these cases stand for the proposition that a child may sufficiently
communicate to the trier of fact that a sexual act occurred even though the child's language differs
from the statutory language describing parts of the body. Cf. Tyra v. State, 534 S.W.2d 695, 696-97
(Tex. Crim. App. 1972) (testimony "where use restroom" sufficient to support touching of "sexual
parts"). The cases cited do not support the State's argument that "a reasonable inference" satisfies
the State's burden of proof as to the allegations of the four counts in question.

 In Blankenship v. State, 780 S.W.2d 198 (Tex. Crim. App. 1989) (op. on reh'g), the
court stated:


We are not to sit as a thirteenth juror reweighing the evidence or deciding whether
we believe the evidence established the element in contention beyond a reasonable
doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could
have found the evidence sufficient to establish the element beyond a reasonable
doubt . . . ; we test the evidence to see if it is at least conclusive enough for a
reasonable fact finder to believe based on the evidence that the element is established
beyond a reasonable doubt.



Id. at 207; accord Zimmerman v. State, 860 S.W.2d 89, 92 (Tex. Crim. App. 1993).

 Having reviewed all the evidence in the light most favorable to the verdicts, we
conclude that no rational trier of fact could have found beyond a reasonable doubt all of the essential
elements of the four offenses of indecency with a child in counts II, III, IV, and V of the indictment
(as renumbered). The evidence being legally insufficient as a matter of law, acquittals must be
ordered on these four counts. See Burks v. United States, 437 U.S. 1 (1978); Green v. Massey, 437
U.S. 19 (1978). Points of error eight through eleven are sustained.

 In view of our disposition of all counts of the indictment, we do not reach appellant's
other points of error.

 As to count I charging appellant with conduct that was not a crime, the judgment of
conviction rendered thereunder is reversed and that count is dismissed. As to counts II, III, IV, and
V, the judgments of conviction for indecency with a child rendered thereunder are reversed and
acquittals are rendered on each count.



 

 John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion*

Reversed and Dismissed in Part; Reversed and Rendered in Part

Filed: December 12, 2002

Publish






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   Abandonment of counts in an indictment does not constitute an amendment to the
indictment. See Eastep v. State, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997). The renumbering
of the counts, however, should be memorialized in a written document filed for record with the clerk. 
If a conflict arises as to the offense of which a defendant was convicted, an unaltered indictment is
often used for interpretation. If the count numbers do not match, much confusion may result.
2.   This videotape was played for the jury.
3.   A trial court in a criminal case also has no authority to sua sponte order a new trial. Tex.
R. App. P. 21.1; Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994). Only a defendant may
move for a new trial. Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.--Forth Worth 1996, no
pet.).
4.   It is obvious when the statute was drafted, one-count indictments were most common and
the right to severance was liberal.
5.   Appellant also notes that the complainant acknowledged on cross-examination that in
August 1999 she and her mother prepared an e-mail statement for Detective Mark Graves and there
was no mention in the statement of any 1998 incident. In fact, the last incident listed was in 1996.
6.   Dr. Powell did testify, over hearsay objection, that the complainant told her in 2001 that
appellant touched her breasts in 1993 when the complainant was seven or eight years old in Hidalgo
County. This testimony did not support the allegations in question.